IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD LIFE GROUP INSURANCE COMPANY,<br>Plaintiff,<br>vs.<br><br>CAROL LaPORTE,<br>CHRISTINE LaPORTE, and<br>CATHERINE REIDER, as the<br>Independent Administrator of the<br>Estate of Anthony S. LaPorte and<br>Guardian of MacKenzie LaPorte<br>and Madison LaPorte, the minor<br>children of Anthony S. LaPorte and<br>CAROL LaPORTE,<br><br>Defendants. | Case No. 06 CV 00733<br><br>Hon. Judge Manning |

## HARTFORD LIFE GROUP INSURANCE COMPANY'S
## AGREED SECOND AMENDED MOTION FOR A FINAL JUDGMENT
## ORDER IN INTERPLEADER

Plaintiff, HARTFORD LIFE GROUP INSURANCE COMPANY ("HARTFORD"), by its attorneys, Donald A. Murday, Elizabeth G. Doolin, Jennifer L. Noland, and CHITTENDEN, MURDAY & NOVOTNY LLC, hereby moves this Court for entry of a Final Judgment Order in Interpleader. In support of its Agreed Second Amended Motion, HARTFORD states as follow:

1. On February 8, 2006, HARTFORD filed its Complaint for Interpleader with respect to certain life and accidental death and dismemberment insurance benefits pursuant to three policies issued by predecessors-in-interest of HARTFORD, insuring the life of Anthony S. LaPorte, now deceased.

2. Specifically at issue are Policy No. L40126 in the amount of $222,000.00, Policy No. SR-242529 in the amount of $400,000.00, and Policy No. SR-83073438 in the amount of $20,000.00 (the "Policies").

3. The Policies concern the rights and obligations of the parties under an employee welfare benefit plan offered by the decedent's employer to eligible employees and their dependents, including the decedent.

4. Defendant CAROL LaPORTE has appeared through counsel and filed her Answer to the Complaint on May 25, 2006. Defendant CATHERINE REIDER, the Independent Administrator of the Estate of Anthony S. LaPorte, and, upon information and belief, the legal guardian of MacKenzie LaPorte and Madison LaPorte, who are the minor children of the decedent and CAROL LaPORTE, has also appeared through counsel and filed her Answer to the Complaint on April 24, 2006.

5. Defendant CHRISTINE LaPORTE, through Court-appointed counsel, filed her Answer to the Complaint on September 25, 2006.[1]

6. HARTFORD previously deposited the sum of $656,293.15 with the Clerk of this Court on May 4, 2006, pursuant to leave of Court. This sum represents the net death benefit under the Policies, and also interest on the life insurance policy at 5% per annum, accruing from January 19, 2005 to the date of the deposit, in the amount of $14,293.15.

7. Subsequently, Judge Manning denied HARTFORD's Amended Motion for a Final Judgment Order, without prejudice, in light of the Defendants' claims that HARTFORD was liable for interest on the death benefits of all three Policies beginning on October 15, 2003, and ending on May 4, 2006. HARTFORD has maintained that it is not liable for interest on the proceeds of all three Policies, or, at most, liable for interest beginning on January 19, 2005, and ending on May 4, 2006. Judge Manning also denied, without prejudice, Christine LaPorte's motion to require the payment of interest beginning on October 15, 2003, after determining that

---

[1] Previously, HARTFORD filed a Motion for an Order of Default Against Defendant Christine LaPorte and a Final Judgment Order in Interpleader on June 13, 2006, but withdrew said Motion after CHRISTINE LaPORTE Court-appointed counsel agreed to file a response to the Complaint.

the record before the Court was unclear as to when HARTFORD became liable for interest accruing on the proceeds of the Policies.

8. The parties have now reached a settlement agreement as to the amount of additional interest Hartford will pay on the Policies. Specifically, Hartford has agreed to deposit with the Clerk of the Court $60,108.49 of additional interest on the Policies.

9. Further, the Defendants executed a global settlement agreement and mutual general release ("Settlement Agreement") on March 6, 2007, in which they agreed that all monies at issue in this action shall be paid into Trusts established for the benefit of the decedent's children. The Defendants jointly filed a stipulation announcing the Settlement Agreement on March 13, 2007.

10. HARTFORD, as a stakeholder in Interpleader, has done all required by law to perfect its Interpleader action.

11. HARTFORD has properly served a copy of this Agreed Second Amended Motion on the Adverse Claimants.

12. HARTFORD submits its proposed Final Judgment Order in Interpleader as Exhibit 1 hereto.

13. HARTFORD also has contemporaneously filed its Motion for Leave to Deposit the additional sum of $60,108.49.

**WHEREFORE**, Plaintiff, HARTFORD LIFE GROUP INSURANCE COMPANY, respectfully requests that this Court enter an Order:

A. Granting judgment on HARTFORD LIFE GROUP INSURANCE COMPANY's Complaint for Interpleader in HARTFORD's favor without attorney's fees or costs and

against Defendants CAROL LaPORTE; CHRISTINE LaPORTE; and CATHERINE REIDER, as the Independent Administrator of the Estate of Anthony S. LaPorte, and, upon information and belief, the legal guardian of MacKenzie LaPorte and Madison LaPorte, the minor children of the decedent and CAROL LaPORTE (the "Defendants");

B.  Releasing and discharging HARTFORD LIFE GROUP INSURANCE COMPANY from any and all liability to the Defendants;

C.  Permanently and perpetually restraining each of the Defendants from filing or prosecuting any claim in any federal, state or administrative court or other forum with respect to the death benefits payable under the Policies; and

D.  Excusing HARTFORD LIFE GROUP INSURANCE COMPANY from further attendance in this cause.

Respectfully submitted,

HARTFORD LIFE GROUP INSURANCE COMPANY

By: s/ Jennifer L. Noland (06280724)
One of its attorneys

Donald A. Murday
Elizabeth G. Doolin
Jennifer L. Noland
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
O:\HA815\40660-LaPorte\PLDGS\2nd Am Mot Final Judgment.doc

# CERTIFICATE OF SERVICE

I hereby certify that on **August 24, 2007**, I electronically filed **Hartford Life Group Insurance Company's Agreed Second Amended Motion for a Final Judgment Order in Interpleader**, with the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system. The parties may access this filing through the Court's system:

/s/ Jennifer L. Noland (06280724)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)
jnoland@cmn-law.com

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD LIFE GROUP INSURANCE COMPANY,<br>      Plaintiff,<br>vs.<br><br>CAROL LaPORTE,<br>CHRISTINE LaPORTE, and<br>CATHERINE REIDER, as the<br>Independent Administrator of the<br>Estate of Anthony S. LaPorte and<br>Guardian of MacKenzie LaPorte<br>and Madison LaPorte, the minor<br>children of Anthony S. LaPorte and<br>CAROL LaPORTE,<br>      Defendants. | Case No. 06 CV 00733<br><br>Hon. Judge Manning |

**FINAL JUDGMENT ORDER IN INTERPLEADER**

**THIS CAUSE COMING** before the Court on the agreed second amended motion of Plaintiff, HARTFORD LIFE GROUP INSURANCE COMPANY ("HARTFORD"), for the entry of a Final Judgment Order in Interpleader, due notice having been given and the Court being fully advised in the premises:

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. On February 8, 2006, HARTFORD filed its Complaint for Interpleader with respect to certain life and accidental death and dismemberment insurance benefits pursuant to three policies issued by predecessors-in-interest of HARTFORD, insuring the life of Anthony S. LaPorte, now deceased.

2. Specifically at issue are Policy No. L40126 in the amount of $222,000.00, Policy No. SR-242529 in the amount of $400,000.00, and Policy No. SR-83073438 in the amount of $20,000.00 (the "Policies").

3. The Policies concern the rights and obligations of the parties under an employee welfare benefit plan offered by the decedent's employer to eligible employees and their dependents, including the decedent.

4. Defendant CAROL LaPORTE has appeared through counsel and filed her Answer to the Complaint on May 25, 2006. Defendant CATHERINE REIDER, the Independent Administrator of the Estate of Anthony S. LaPorte, and, upon information and belief, the legal guardian of MacKenzie LaPorte and Madison LaPorte, who are the minor children of the decedent and CAROL LaPORTE, has also appeared through counsel and filed her Answer to the Complaint on April 24, 2006.

5. Defendant CHRISTINE LaPORTE, through Court-appointed counsel, filed her Answer to the Complaint on September 25, 2006.[1]

6. HARTFORD previously deposited the sum of $656,293.15 with the Clerk of this Court on May 4, 2006, pursuant to leave of Court. This sum represents the net death benefit under the Policies, and also interest on the life insurance policy at 5% per annum, accruing from January 19, 2005 to the date of the deposit, in the amount of $14,293.15.

7. Subsequently, Judge Manning denied HARTFORD's Amended Motion for a Final Judgment Order, without prejudice, in light of the Defendants' claims that HARTFORD was liable for interest on the death benefits of all three Policies beginning on October 15, 2003, and ending on May 4, 2006. HARTFORD has maintained that it is not liable for interest on the proceeds of all three Policies, or, at most, liable for interest beginning on January 19, 2005, and ending on May 4, 2006. Judge Manning also denied, without prejudice, Christine LaPorte's motion to require the payment of interest beginning on October 15, 2003, after determining that

---

[1] Previously, HARTFORD filed a Motion for an Order of Default Against Defendant Christine LaPorte and a Final Judgment Order in Interpleader on June 13, 2006, but withdrew said Motion after CHRISTINE LaPORTE Court-appointed counsel agreed to file a response to the Complaint.

the record before the Court was unclear as to when HARTFORD became liable for interest accruing on the proceeds of the Policies.

8. The parties have now reached a settlement agreement as to the amount of additional interest Hartford will pay on the Policies. Specifically, Hartford has agreed to deposit with the Clerk of the Court $60,108.49 of additional interest on the Policies.

9. Further, the Defendants executed a global settlement agreement and mutual general release ("Settlement Agreement") on March 6, 2007, in which they agreed that all monies at issue in this action shall be paid into Trusts established for the benefit of the decedent's children. The Defendants jointly filed a stipulation announcing the Settlement Agreement on March 13, 2007.

10. This Court has jurisdiction over the subject matter of this cause and over the parties.

11. HARTFORD, as a stakeholder in Interpleader, has done all required by law to perfect its Interpleader action.

12. HARTFORD is entitled to be discharged from this litigation in accordance with the terms as hereinafter provided in this Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

A. Judgment on the Complaint is entered in favor of Plaintiff, HARTFORD LIFE GROUP INSURANCE COMPANY, and against Defendants CAROL LaPORTE; CHRISTINE LaPORTE; and CATHERINE REIDER, the Independent Administrator of the Estate of Anthony S. LaPorte, and, upon information and belief, the legal guardian of MacKenzie LaPorte and Madison LaPorte, who are the minor children of the decedent and CAROL LaPORTE ("Defendants");

B. HARTFORD LIFE GROUP INSURANCE COMPANY, its successors, assigns, affiliated companies, officers, directors, agents and employees, are hereby released and discharged from any and all liability to Defendants, their respective successors, assigns, heirs, representatives, agents, or attorneys, arising from or in any way relating to the Policies;

C. Defendants, their respective successors, assigns, heirs, representatives, agents and attorneys, are permanently and perpetually restrained and enjoined from bringing, maintaining, continuing or attempting to continue to prosecute any suit, at law or in equity, in any court in any jurisdiction, against HARTFORD LIFE GROUP INSURANCE COMPANY with regard to the Policies;

D. HARTFORD LIFE GROUP INSURANCE COMPANY is hereby discharged from attendance at further proceedings and is dismissed from this cause without attorney's fees or costs. The proceeds of the Policies shall be distributed as determined by Defendants and this Court without further involving HARTFORD LIFE GROUP INSURANCE COMPANY; and

E. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this is a final judgment. This Court expressly determines that there is no just reason to delay enforcement or appeal of this Order.

DATE: _____

**ENTER:**

_____
**District Judge**

Donald A. Murday
Elizabeth G. Doolin
Jennifer L. Noland
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street
Suite 1400
Chicago, Illinois 60606
(312) 281-3600
O:\HA815\40660-LaPorte\PLDGS\2nd Am Final Judgment Order - Revised3.doc